**HOU SHENG ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–4002–ag.**

United States Court of Appeals, Second Circuit.

March 1, 2007.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent.

Lin Li, Law Office of Fengling Liu, New York, New York, for Petitioner.

Jeffrey A. Taylor, United States Attorney for the District of Columbia, Madelyn E. Johnson, Diane G. Lucas, Assistant United States Attorneys, Washington, D.C., for Respondent.

PRESENT: Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Hou Sheng Zhang, a citizen of the People's Republic of China, seeks review of a July 2, 2004 order of the BIA affirming the April 11, 2003 decision of Immigration Judge ("IJ") George T. Chew denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hou Shen Zhang*, No. A78 840 630 (B.I.A. July 2, 2004), *aff'g* No. A78 840 630 (Immig. Ct. N.Y. City Apr. 11, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a brief decision adopting and affirming the IJ's decision, we review the IJ's decision directly. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility finding in this case. The IJ reasonably classified Zhang's claim as one of well-founded fear of future persecution only, when Zhang never indicated that he was arrested, detained, or otherwise targeted by the authorities when he was in China. Moreover, the IJ reasonably found that Zhang failed to establish a well-founded fear, having found his underlying claim that he was a practicing Christian, in both China and the United States, not credible. This conclusion was appropriately based on (1) the discrepancy between Zhang's statement at his airport interview that he became a Christian in 1988, and his subsequent statements that he became a Christian in 1998; (2) his admission that he had deliberately provided the 1988 date in his initial asylum application, despite knowing it was incorrect, for purposes of consistency; (3) a strong correlation between the date he filed his asylum application and the date he began attending church services; and (4) his apparent inability to name the pastors at his church. Considering these factors cumulatively, a reasonable fact-finder would not be compelled to conclude, contrary to the IJ, that Zhang was a practicing Christian, or demonstrated a well-founded fear of persecution on that basis. *See id.* at 73–74.

Substantial evidence likewise supports the agency's denial of withholding and CAT relief.[2] To the extent those

---

**2.** We have jurisdiction to address these

claims, notwithstanding Zhang's failure to ar-

claims were based on Zhang's assertion that he was a Christian, the IJ's adverse credibility finding in the asylum context necessarily precluded success on those claims. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005). To the extent Zhang alleged he would be subjected to future persecution or torture because of his illegal departure from China, the agency reasonably rejected that claim when he failed to demonstrate that someone in his "particular alleged circumstances" was "more likely than not" to face such consequences. *See Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005). As Zhang has not asserted any other basis on which he might be persecuted or tortured, his withholding and CAT claims were properly denied.

For the foregoing reasons, the petition for review is DENIED. The pending motions for a stay of removal and for an extension of time in this petition are DISMISSED as moot.

gue them meaningfully in his brief to the BIA as required by 8 U.S.C. § 1252(d)(1), *see Karaj v. Gonzales,* 462 F.3d 113, 119–20 (2d Cir.2006), because the BIA chose to address those claims, thereby mooting any exhaustion concerns. *See Xian Tuan Ye v. DHS,* 446 F.3d 289, 296–97 (2d Cir.2006).

